UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO: 05-0206** |
| **TORREY SCOTT** | **SECTION: "S"** |

### ORDER AND REASONS

**IT IS HEREBY ORDERED** that Torrey Scott's motion for judgment of acquittal on count six of the superceding indictment is **DENIED**. (Document #117.)

**IT IS FURTHER ORDERED** that Scott's motion for acquittal or a new trial is **DENIED**. (Document #118.)

### I. BACKGROUND

In a superseding indictment, the grand jury charged Torrey Scott with possession of various firearms after having been convicted of attempted first degree murder (count one, two and three); possession of a short-barreled shotgun, referenced in count one, not registered to him after having been convicted of attempted first degree murder (count four); possession of body armor after having been convicted of attempted first degree murder (count five); and possession of a mixture and substance containing cocaine base (crack) (count 6).  The case proceeded to

trial before a jury, and the jury returned a verdict of guilty on all six counts of the superseding indictment.

## II. DISCUSSION

**A.  Motion for judgment of acquittal on count six**

Scott filed a motion for judgment of acquittal, pursuant to Rule 29(c) of the Federal Rules of Criminal Procedure.  Scott challenges his conviction for count six, possession of a mixture and substance containing cocaine base (crack), on grounds that the evidence that the substance was crack cocaine was insufficient to sustain the conviction.

In a challenge to a conviction based on insufficiency of the evidence, the court determines whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  United States v. Lopez-Urbina, 434 F.3d 750, 757 (5th Cir. 2005) (quoting Jackson v. Virginia, 99 S.Ct. 2781 (1979)).  The court does not consider whether the jury correctly determined guilt or innocence, but "whether the jury made a rational decision." Id. (quoting United States v. Rivera, 295 F.3d 461, 466 (5th Cir. 2002)).  "[B]ecause the evidence must be viewed in the light most favorable to the verdict, the evidence offered by the prosecution should be assumed to be true."  Id. (quoting United States v. Robertson, 110 F.3d 1113, 1117 (5th Cir. 1997)).

Scott argues that he should be acquitted on count six because there is no statutory definition of crack cocaine, and the government presented no scientific testimony that the substance was crack cocaine.  Scott contends that the government's evidence consisted solely of the testimony of police officers of the New Orleans police department, who testified that the

2

substance appeared to be crack cocaine because it was hard and looked like crack cocaine.

Prior to trial, the court granted Scott's motion to exclude the government expert's testimony that the substance was cocaine because the New Orleans Crime Laboratory criminalist had not tested the drug to determine whether it was crack cocaine. The criminalist had determined that the plastic bag contained several pieces of a "rock-like substance" that tested positive for cocaine, but he had not performed further testing for crack cocaine. See R. Doc. #87, exh. 1. The criminalist testified that, without the further testing, he could not positively identify the substance as crack cocaine.[1] At trial, the government offered the testimony of two police officers that they were familiar with crack cocaine and that they recognized the substance as crack cocaine. The jury heard defense counsel's cross-examination of the officers and chose to believe their testimony.

"Neither actual drug exhibits nor reports of chemical analysis are required to support a conviction for possession of a controlled substance." United States v. Gaskin, 364 F.3d 438, 460 (2nd Cir. 2004). "Lay testimony and circumstantial evidence may be sufficient, without the introduction of an expert chemical analysis, to establish the identity of the substance." Id. "[T]he government need not prove the identity of a controlled substance by direct evidence, as long as the available circumstantial evidence establishes its identity beyond a reasonable doubt." United States v. Sanapaw, 366 F.3d 492, 496 (7th Cir. 2004). "Such circumstantial evidence includes . . . lay-experience based on familiarity through prior use, trading, or law enforcement."

---

[1] In hindsight, it may have benefitted the defendant to withdraw his motion to exclude the testimony of the criminalist because the testimony may have undercut the lay identification of the substance.

Id.

Detective Harry Stovall, a member of the Major Narcotics Unit for the last five years, testified that he arrested Scott and searched him incident to the arrest. In Scott's front, right pants pocket, Detective Stovall found a plastic sandwich bag containing what he suspected to be crack cocaine. Detective Stovall based his suspicions on his experience in making hundreds of arrests involving crack and powder cocaine. Detective Stovall testified that he manipulated the plastic bag with his fingers, and the substance was hard, rock-like, and off-white in color. Detective Stovall explained that, although powder cocaine is sometimes hard, it breaks into powder once you touch it.

Sergeant Ken Guillot has 15 years of experience as a police officer and is currently the Platoon Commander of the Major Case Narcotics Unit, which investigates high profile narcotics violations. Sergeant Guillot testified that he suspected that the substance retrieved from Scott's pocket was crack cocaine. He based his opinion on having made over 1,000 arrests for crack cocaine and many arrests for powder cocaine. Sergeant Guillot testified that the substance was wrapped in the customary packaging of crack cocaine, it consisted of hard rocks, and it had a light, off-white color.

The jury was free to choose among all reasonable constructions of the evidence. See United States v. Chaney, 964 F.2d 437, 448 (5th Cir. 1992). Viewing the evidence in the light most favorable to the verdict, the court concludes that a reasonable jury could have concluded from the officers' testimony that Scott possessed the crack cocaine charged in count six.

**B. Motion for acquittal or new trial**

Scott moves for an acquittal or new trial on grounds that 1) the government misled him regarding disclosure of Giglio material and 2) that the government failed to provide a summary of expert testimony as required by Federal Rule of Criminal Procedure 16.

**1. Giglio**

Scott contends that the government failed to disclose the following Giglio material: the NCIC report outlining the criminal history of government witness, Frederick Robertson;[2] Robertson federal indictment charging him as a felon in possession of a firearm; and the factual basis of Robertson's plea agreement on the federal charge. Scott argues that the government addressed its obligations under Brady and Giglio in a January 27, 2006 letter; however, the government did not indicate that it planned to call Robertson as a witness at trial, even though the government interviewed Robertson on January 19, 2006. Scott argues that Robertson was a critical witness who testified that he saw Scott in possession of several firearms and the body armor. Because the government waited to disclose the NCIC report until defense counsel had conducted *voir dire*, made his opening statement, and cross-examined most of the government's witnesses, Scott argues that defense counsel was prevented from investigating Robertson's criminal history, verifying his whereabouts on the date in question, or effectively cross-

---

[2] At oral argument on the defendant's motions, the question arose whether Robertson was actually incarcerated on the day he allegedly saw Scott with the firearms. The court continued the hearing on the motion to permit Scott to subpoena the confinement records from Orleans Parish Sheriff's Office. Scott has not produced evidence of Robertson's incarceration on the date in question. On the contrary, it appears from the records that Robertson was released on bond on April 27, 2005.

examining him.

Nondisclosure of evidence affecting the credibility of a witness, whose reliability may be determinative of guilt or innocence, may justify a new trial, irrespective of the good faith or bad faith of the prosecution. See Giglio v. United States, 92 S.Ct. 763, 766 (1972). A new trial is not required when evidence may have been useful to the defense, "but not likely to have changed the verdict." Id.

In this case, the government's case did not depend entirely on Robertson's testimony. The government relied on the testimony of several police officers, who were involved in Scott's arrest and the seizure of the weapons. The government's strategic decision to call Robertson was not made until immediately before his testimony because there was concern for Robertson's safety. At that time, the government gave defense counsel Robertson's criminal history reports, a copy of the federal indictment,[3] and the factual basis for his guilty plea in January 2006, and the court recessed and gave defense counsel the time he needed to review the documents. Defense counsel conducted an effective cross-examination, and Robertson admitted to each of the convictions and arrests. Moreover, the court instructed the jury on impeachment evidence as follows:

> You have been told that a government witness was previously convicted of a crime. A conviction is a factor you may consider in deciding whether to believe that witness, but it does not necessarily destroy the witness's credibility. It has

---

[3] The Assistant Federal Public Defender assigned to Scott's case withdrew as counsel before trial and requested that defense counsel be appointed to represent Scott. The Federal Public Defender's Office was advised by the government that there was a conflict of interest within the office because another Assistant Public Defender had represented Robertson in the federal case.

been brought to your attention only because you may wish to consider it when you decide whether you believe the witness's testimony. It is not evidence of anything else.

Accordingly, Scott's due process rights were not violated when Robertson was called to testify, and a new trial is not warranted.

### 2. Expert reports

Scott contends that the government violated Federal Rule of Criminal Procedure 16(a)(1)(G), which provides that the government must provide the defendant with a written summary of the testimony of an expert that it intends to present at trial. Scott acknowledges that the government produced the expert report of Kenneth Leary, a firearms examiner for the New Orleans Police Department, who opined that the barrel of the Browning 20 gauge shotgun was twelve inches long. However, the government did not produce a report for Mike Eberhardt, who testified at trial that the barrel length was about twelve inches. Scott argues that Eberhardt's testimony should have been excluded because the government had indicated that Eberhardt would be called to testify only about the interstate nexus of the firearms and expanded his testimony at trial because Leary admitted that he did not know how to measure the length of a shotgun barrel under the federal regulations.

Rule 16(a)(1)(G) provides in relevant part:

**Expert witnesses**.– At the defendant's request, the government must give to the defendant a written summary of any testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial. . . . The summary provided under this subparagraph must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications.

Scott does not challenge the government's contention that, although Eberhardt did not issue a report in connection with his examination of the weapons involved, defense counsel was informed of the nature of Eberhardt's testimony and provided with a copy of his curriculum vitae days before his testimony.  Further, Scott did not object to Eberhardt's testimony or attempt to claim that he was testifying outside the scope of his expertise.  Further, there is no assertion that the defendant requested that the government give to the defendant a written summary of any testimony that the government intended to use.  Rather, defense counsel offered to stipulate to the interstate nexus of the weapons, but the government declined because the stipulation would have prevented Eberhardt from testifying regarding the barrel length of the sawed-off shotgun.  The court finds that Scott has not demonstrated that the government breached its duty under Rule 16(c).

New Orleans, Louisiana, this  13th  day of June, 2006.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**